UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

FRANK DERAFFELE and ADELINE DERAFFELE,

Plaintiffs,

- against -

R. SHANE KENNEDY,

Defendant.

---------------------------------------------------------------x

04 Civ. 5797 (CLB)

***Memorandum and Order***

Brieant, J.

By motion filed on March 7, 2005 (Doc.#7), heard and fully submitted on April 15, 2005, Plaintiffs Frank and Adeline DeRaffele move for summary judgment under Fed. R. Civ. P. 56 in this personal injury diversity case. Opposition papers were received on April 4, 2005.

The following facts are assumed to be true for purposes of this motion only. On October 7, 2002 at approximately 8:35 A.M., Plaintiff Frank DeRaffele was driving westbound on the Cross County Parkway in Mt. Vernon, New York. Traffic was slow-moving, described by Plaintiff as "bumper to bumper, bumper to bumper all the way." Plaintiff's vehicle was rear-ended by Defendant's. Plaintiff testified that just prior to the accident he was "stopped actually. I was in between moves," his rate of speed between stops was "creeping, creeping," that he had been moving "a lot less" than five miles per hour when moving between stops, and that it was a nice, sunny, "dry, very dry" day. Defendant testified that prior to hitting the Plaintiff's car, he was accelerating moderately, "almost an idle," and that he "couldn't have [been going] more than 15 miles per hour." Defendant testified that the Plaintiff's brake lights were on prior to the collision, and that the Plaintiff's car had "stopped right in front of me." Defendant believed this

stop to be a "sudden stop" and not a stop made in the ordinary course of driving.

Fed. R. Civ. P. 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In evaluating the record to determine whether there is a genuine issue as to any material fact, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

Under New York law, summary judgment is technically available in negligence cases, including automobile accidents, *see Andre v. Pomeroy*, 35 N.Y.2d 361, 364 (1974), but because of the inherently factual nature of negligence, it is rarely appropriate. Even though a rear-end collision with a stopping or stopped vehicle constitutes a prima facie case of liability, *see N.Y. Veh. & Traf. Law § 1129(a)*, the driver of the rear car can rebut this presumption by offering a non-negligent reason for the accident, such as evidence that the Plaintiff contributed to the accident. *See Brodie v. Global Asset Recovery*, 12 A.D.3d 390 (2d Dep't 2004). Some New York courts have held that a Plaintiff contributes to an accident by stopping suddenly. *See Drake v. Drakoulis*, 304 A.D.2d 522, 523 (2d Dep't 2003); *Tripp v. Gelco Corp.*, 260 A.D.2d 925, 926 (3d Dep't 1999) (stating that testimony that the Plaintiff's vehicle came to an "abrupt and sudden stop" was sufficient to present a non-negligent reason to overcome the presumption of negligence.). In this case, Defendant testified that the Plaintiff came to a sudden and abrupt

stop:

> Q. During the ten car lengths that you were traveling prior to the collision, where were you looking?
>
> A. Uhm, predominately forward.
>
> Q. As you were looking predominately forward, did you see the car in front of you?
>
> A. Yes.
>
> Q. Did you see the car in front of you for the entire ten car lengths?
>
> A. No. There was a split second when I didn't.
>
> Q. What happened in that split second?
>
> A. I glanced away. I glanced away for a second and looked back and it was stopped right in front of me.

*Pls.' Ex. B at 10.*

> Q. Are you aware whether the stop which [Plaintiff] made prior to your collision was a sudden stop or it was just a stop made in the ordinary course of traffic?
>
> A. Uhm, it was sudden as far as I could tell.
>
> Q. Why is that?
>
> A. Just because - - I mean, there's a difference between a slow, steady stop and a sudden stop and it was just a sudden stop.

*Id. at 17.* The New York Appellate Divisions split on whether the Plaintiff stopping short is a sufficiently non-negligent reason to rebut the presumption of negligence inherent in a rear-end collision. In a diversity case, this Court is required to follow New York state law as enacted by the New York State Legislature and interpreted by the New York Court of Appeals. The New York Court of Appeals has held that summary judgment in negligence cases is proper only when "there is no conflict at all in the evidence, the defendant's conduct fell well below any

permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances," *see Andre, 35 N.Y.2d at 365*, and warned that "[e]ven where the facts are conceded there is often a question as to whether the defendant or plaintiff acted reasonably under the circumstances." *Id. at 364.*

The basic facts of this case are not in dispute. The Defendant was driving behind the Plaintiff in heavy traffic on a dry October day, glanced away from the road momentarily, and when he looked back at the road, the Plaintiff was stopped in front of him. The Defendant traveled ten car lengths between his previous stop in traffic and when he struck the Plaintiff's car. The Defendant claims that the Plaintiff's stop was sudden, but later in his deposition stated that he was unsure if this stop was consistent with bumper-to-bumper traffic. Although the Court of Appeals has not spoken definitively on the issue of rear-end collisions where the plaintiff allegedly stop suddenly, it has suggested that stopping short may be a sufficiently non-negligent reason to rebut the presumption of negligence. In *Lenahan v. Goucher*, 65 N.Y.2d 1034, 1035 (1985), the Court of Appeals reinstated a jury verdict finding the plaintiff proportionally liable for stopping short. After plaintiff sued defendant for injuries resulting from a rear-end collision, the trial jury found both the plaintiff and defendant negligent, and assessed 65% culpable conduct to the defendant and 35% to the plaintiff. The trial court granted a post-verdict motion to vacate the judgment insofar as it found the plaintiff 35% liable. The Appellate Division, Third Department, affirmed the Order to vacate and stated that while "abrupt, unexplained stop[s]" could constitute negligence, the plaintiff's actions had not been negligent. Justice Yesawich argued in his dissent that the jury could reasonably have found that the plaintiff was negligent in

"needlessly [coming] to a sudden stop without warning and in the absence of oncoming traffic. . . ." Assessing the parties' testimony, and resolving issues of credibility is the jury's function, and should not be readily dismissed. The New York Court of Appeals reversed the Appellate Division and reinstated the jury verdict "for the reasons stated in" Justice Yesawich's dissenting memorandum.

In *Zwilling v. Harrison*, 269 N.Y. 461, 463 (1936), the New York Court of Appeals stated that a driver traveling at twelve to fourteen miles per hour on a congested road cannot be held blameworthy when the car in front of his or hers stops suddenly without signaling:

> No jury is warranted in adopting the view that twelve to fourteen miles is an excessive rate of speed even on a congested city thoroughfare. It is most conservative driving. This defendant was not bound to foresee the probability of traffic violation by the truck in front of her. Unless she should be deemed an insurer of her guest, her proximity within six and a half feet of the slowly moving truck, under the conditions of traffic as they existed at the time and location of this accident, cannot justify a conclusion of failure to keep her car under control or any other type of failure to act with reasonable care. Of course at any time a car ahead may violate the law by a sudden stop without signaling, but when such an event occurs the circumstances constitute, as to the rear car, nothing more than an accident for which its driver cannot fairly be held blameworthy. If this defendant was negligent, then there is not a careful driver in New York.

*Id. at 463*. See *also Flood v. New York Transit Authority et al.,* 6 A.D.3d 655 (2d Dep't 2004); *DeCosmo v. Hulse et al.,* 204 A.D.2d 953 (3d Dep't 1994); *Maizous v. Garraffa*, 2002 U.S. Dist. LEXIS 13544 (E.D.N.Y. 2002) (Glasser, J.).[1]

---

[1]In *Andre v. Pomeroy, supra*, the Court of Appeals held that summary judgment was proper in a rear-end automobile collision. In that case, the defendant had admitted looking away from the road to get an item out of her purse, and had not made a claim that the plaintiff was contributorily negligent. In this case, the Defendant stated that he glanced away from the road for "a split second" and that the Plaintiff was contributorily negligent. This Court cannot say that no reasonable juror would consider glancing away from bumper to bumper traffic for a split

This case presents a situation in which a jury must determine whether the Defendant acted unreasonably and whether the Plaintiff contributed to the accident. Viewing the facts most favorably to the non-moving party, the Defendant has raised a genuine issue of fact for the jury.

**Conclusion**

Plaintiffs' motion for summary judgment is denied.

SO ORDERED.

Dated: White Plains, New York
April 15, 2005

Charles L. Brieant, U.S.D.J.

---

second to be unreasonable as a matter of law. While Plaintiff's counsel and the Court may question the Defendant's explanation, determinations of credibility are within the jury's province.